## N. Y. CITY COURT.

ARTHUR W. KIPLING *et al.* agt. DONALD R. CORBIN.

*Attachment—When threats by debtor that he will make an assignment with preferences no ground for—When there is not such a concealment as to warrant the maintenance of an attachment.*

Although there is no positive proof of the removal or concealment of property with intent to defraud creditors, yet circumstances sufficient to establish in law such intent would justify its being upheld.

That defendant threatened to make an assignment with preferences, unless used in a coercive manner, furnishes no ground for an attachment.

Where the papers upon which an attachment was issued showed that the defendant was indebted to the plaintiff for goods sold and delivered, that defendant was insolvent and made an exhibit of his liabilities and assets to plaintiff. The cash on hand and book debts were set forth in a memorandum, but not the value of the stock; but such value was discussed, and the amount they would bring at a final sale was a subject of conversation. It appeared that the articles manufactured were nearly all in an unfinished state and not readily marketable; and the plaintiff was cognizant of all these facts, and knew the goods on hand and was a good judge of their value:

*Held,* that what this value of the stock was, was a subject of fair conjecture and it cannot be held that there was any such concealment as to warrant the maintenance of an attachment.

*At Chambers, October,* 1883.

MOTION to vacate an attachment.

*Rockwell & Pearson,* for motion.

*Samuel Greenbaum,* opposed.

HAWES, *J.* — A careful consideration of the papers submitted herein has led me to the conclusion that this attachment should be vacated. It is admitted that there is no positive proof of the removal or concealment of property with intent to defraud creditors, but circumstances sufficient to establish in law such intent would justify its being upheld. It appears by plaintiff's affidavit that the defendant threatened to make an assignment with preferences. This is denied by defendant, but even if true it would furnish no ground for this provisional remedy (*Evans* agt. *Warren*, 21 *Hun*, 547), and I do not find evidence sufficient to warrant a belief that it was used in any coercive manner, nor are the circumstances in this case such as to bring it within the ruling in *Anthony* agt. *Stype* (19 Hun, 265). The determination of this motion depends therefore upon whether there was any concealment of property fairly inferable from the evidence offered as to the interviews of October seventeenth and eighteenth. The liabilities of defendant are not denied by plaintiff, and the only question left is whether he concealed any assets. The cash on hand and book debts were set forth in the memorandum, but not the value of the stock. It is quite clear, however, that they were discussed, and the amount which they would bring at a forced sale was a subject of conversation. It appears that the articles manufactured were nearly all in an unfinished state and not readily marketable, and that plaintiff was cognizant of all these facts, and knew the goods on hand and was a good judge of their value, as appears in his additional affidavits. What their value was was therefere a subject of fair conjecture, and in view of such a condition of things I fail to see how it can be held that there was any concealment in that regard. It appears that defendant's business was an entirely new one and involved the manufacture of machinery for a particular purpose, and of necessity is somewhat venturesome in its character. If the party is successful, it often proves very remunerative; but, if otherwise, it is equally disastrous, as the machinery

and stock often sell for the trifling value of old material. It is a just inference, and one wholly consistent with well known business experience, that the assets of such an enterprise are relatively very small in comparison with the outlay. It seems to me that this is substantially defendant's condition, and in the light of the affidavits submitted upon this phase of the case I cannot hold that there was any such concealment as to warrant the maintenance of the attachment. It may be added that there is no proof that the moneys raised in the business were not used to pay accruing liabilities so far as able. The indebtedness of defendant to Tuckerman is not, apparently, questioned, and, as between themselves, the mortgage is presumably valid. The fact that it has not been filed inures to the benefit of creditors, and in no sense can it be deemed a concealment of property, conceding it to be valid. At most it would be a concealment of indebtedness which would assist rather than delay creditors. In view of all the facts submitted, I fail to discover any fraudulent act on the part of defendant which warrants the continuance of this attachment.

Order of attachment vacated, with costs.